IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| FREDERICK MILLER, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>V.<br><br>PEDDLE, LLC.,<br><br>Defendant. | Case No. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff Frederick Miller ("Miller" or "Plaintiff"), individually and on behalf of all others similarly situated, by and through undersigned counsel, bring this action against Peddle, LLC ("Peddle" or "Defendant"). Plaintiff makes the following allegations upon personal knowledge as to his own acts, and upon information and belief, and investigation, as to all other matters, alleging as follows:

### INTRODUCTION

1. This is a consumer protection action brought to redress and restrain a car buying service for a pattern of complaints concerning delivery and contract issues. Specifically, consumers allege their vehicle was not picked up by the assigned tow company on promised dates, receiving lower offers than what Peddle offered when their car was picked up, the check they received had issues including bounced checks, and finally Peddle did not transfer the ownership of vehicles from the former owner after pick up of consumers former vehicles.

1

## NATURE OF THE ACTION

2. This action seeks to recover damages for the injuries sustained by Plaintiff as the direct and proximate result of the wrongful conduct and negligence of the Defendant in connection with its issuance of bad and / or bounced check not in compliance with applicable laws and regulations.

## PARTIES

3. Plaintiff, Frederick Miller, is a competent individual over the age of 18, a resident and citizen of Georgia, and hereby submits to the jurisdiction of the Court and alleges that venue in this Court is proper.

4. Defendant Peddle, LLC is a limited liability company organized and existing under the laws of the State of Texas with its principal place of business located at 111 W. 6th Street, Suite 300, Austin, Texas 78701. Defendant conducts business throughout this District, the State of Georgia, and the United States.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because: (i) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interests and costs, and (ii) Plaintiff and members of the proposed class are citizens of states different from Peddle's home state. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because Defendant transacts its business in this District, and a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this District.

7. This Court has Personal Jurisdiction over Defendant Peddle because it has sufficient minimum contacts in this District as Defendant marketed, advertised, and distributed their services in this District. Defendant does substantial business in Georgia and within the District; and at all times relevant hereto, Defendant promoted, marketed, distributed, warranted, and bought cars in interstate commerce. Further, Defendant, as a corporate entity, is deemed to reside in any judicial district in which it is subject to personal jurisdiction.

## FACTUAL ALLEGATIONS

8. At all times relevant hereto, Defendant acted by and through its agents, servants, and employees who acted within the scope of their authority and within the course of their employment.

9. On or around December 23, 2020, Plaintiff sold his car to Defendant, a vehicle purchasing company who bought the car and issued Plaintiff a check for payment.

10. Upon trying to deposit the check, that payment continuously did not go through.

11. Plaintiff continuously tried to cash the check about three different times, however that check always bounced.

12. On the third try, the check was cashed at Mr. Jays check cashing and it went through for $350.

13. After the check was cashed, Defendant reached out to Plaintiff and told him not to cash the check and they would reissue a payment. However, it was too late.

14. While driving back from a trip out of town, Plaintiff was pulled over by highway patrol.

15. After running his license, Plaintiff was informed there warrant for his arrest had been issued for theft by deception.

16. Plaintiff was kept in jail overnight and eventually bonded out.

17. All efforts by Plaintiff to contact Defendant and resolve the issue were futile.

18. The case for theft by deception was dropped by the prosecutor on May 12, 2023.

19. On February 24, 2023, BBB submitted a written request to Peddle, LLC encouraging them to address the pattern of complaints.[1]

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and as a class action, pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and/or 23(b)(3). Specifically, the class and subclass are defined as follows:

> **Nationwide Title Class:** All persons in the United States who entered into contracts with Peddle to sell their vehicles before the commencement of this action and has problems with cashing checks / receiving payment or transfer of vehicle ownership issues.
>
> **Georgia Subclass:** All persons from Georgia who are members of the Nationwide Class.

21. Together, the Nationwide Class and Georgia Subclass will be collectively referred to as the "Class."

22. Plaintiff qualifies as a member of each of the proposed classes in the preceding paragraph.

23. Excluded from each of the putative classes are any person who falls within the definitions if the person is (i) an employee or independent contractor of Peddle; (ii) a relative of an employee or independent contractor of Peddle; (iii) an employee of the Court where this action is pending.

24. The proposed class definitions in ¶ 21 as limited by ¶ 24 may be amended or modified from time to time.

---

[1] https://www.bbb.org/us/tx/austin/profile/car-buying/peddle-llc-0825-1000100304/complaints

25. The particular members of the (i) Nationwide Title Class, and (ii) Georgia Subclass are capable of being described without difficult managerial or administrative problems. The members of the putative classes are also readily identifiable from the information and records in the possession or control of the Defendant or its affiliates and agents, and from public records.

26. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of his claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

27. The Proposed Classes are so numerous that joinder of all members is impracticable.

28. This action has been brought and may be properly maintained on behalf of the classes proposed herein under Federal Rule of Civil Procedure 23.

29. **Numerosity** – Federal Rule of Civil Procedure 23(a)(1). This Class numbers at least in the thousands of persons. As a result, joinder of all Class members in a single action is impracticable. Class members may be informed of the pendency of this class action through a variety of means, including, but not limited to, direct mail, email, published notice, and website posting.

30. **Existence and Predominance of Common Questions of Law and Fact** – Federal Rules of Civil Procedure 23(a)(2) and 23(b)(3). There are questions of fact and law common to the Classes that predominate over any question affecting only individual members. Those questions, each of which may also be certified under Rule 23(c)(4), include without limitation:

   a. Whether Defendant breached its contracts by failing to provide the agreed upon payment for sale of the vehicle;

   b. Whether Defendant failed to properly transfer ownership of the vehicle from the seller to the new owner at the time of sale, or immediately thereafter;

5

  c. Whether Defendant's conduct was unfair, unconscionable, or constituted unfair competition;

  d. Whether Defendant is liable to the class members for the damages and losses, including nominal damages, in the form of the fees agreed upon for the services not reasonably provided.

31. The questions set forth above predominate over any questions affecting only individual persons concerning Defendant's services throughout the United States and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of Plaintiff's claims.

32. **Typicality** – Federal Rule of Civil Procedure 23(a)(3). Plaintiff's claims are typical of those of the Class in that the Class members uniformly used Defendant's services and were subjected to Defendant's uniform merchandising materials and representations at the time of purchase.

33. **Superiority** – Federal Rule of Civil Procedure 23(b)(3). A class action is the appropriate method for the fair and efficient adjudication of this controversy. The presentation of separate actions by individual Class members could create a risk of inconsistent adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of Class members to protect their interests. In addition, it would be impracticable and undesirable for each member of the Class who suffered an economic loss to bring a separate action. The maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

34. **Adequacy** – Federal Rule of Civil Procedure 23(a)(4). Plaintiff is an adequate

representative of the Classes because he is a member of the Classes and his interests do not conflict with the interests of the Classes that he seeks to represent. The interests of the members of the Classes will be fairly and adequately protected by Plaintiff and his undersigned counsel. Counsel is experienced in the litigation of civil matters, including the prosecution of consumer protection class action cases.

35. **Insufficiency of Separate Actions** – Federal Rule of Civil Procedure 23(b)(1). Absent a representative class action, members of the Classes would continue to suffer the harm described herein, for which they would have no remedy. Even if separate actions could be brought by individual consumers, the resulting multiplicity of lawsuits would cause undue burden and expense for both the Court and the litigants, as well as create a risk of inconsistent rulings and adjudications that might be dispositive of the interests of similarly situated purchasers, substantially impeding their ability to protect their interests, while establishing incompatible standards of conduct for Defendant. The proposed Classes thus satisfy the requirements of Fed. R. Civ. P. 23(b)(1).

36. **Declaratory and Injunctive Relief** – Federal Rule of Civil Procedure 23(b)(2). Defendant has acted or refused to act on grounds generally applicable to Plaintiff and the other members of the Classes, thereby making appropriate final injunctive relief and declaratory relief, as described below, with respect to the members of the Classes as a whole. In particular, Plaintiff seeks to certify a Class to enjoin Defendant from buying or otherwise providing their services until such time that Defendant can demonstrate to the Court's satisfaction that their services confer the advertised benefits and are otherwise safe to use as intended.

37. Additionally, the Classes may be certified under Rule 23(b)(1) and/or (b)(2) because:

a. The prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudications with respect to individual members of the Classes that would establish incompatible standards of conduct for Defendant;

b. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

c. Defendant has acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final and injunctive relief with respect to the members of the Classes as a whole.

38. Defendant has acted, and refused to act, on grounds generally applicable to the Classes, thereby making appropriate final equitable relief with respect to the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Breach of Express Warranty

39. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

40. Plaintiff brings this count on behalf of himself and the Classes.

41. The vehicles that Defendant purchases are a good.

42. Defendant is a buyer of Plaintiff and Class members vehicles.

43. The terms of the contract include the promises and affirmations of fact made by the Defendant, as described above.

44. The marketing and advertising constitute express warranties and became part of the basis of the bargain and are part of the standardized contract between Plaintiff, the Classes, and Defendant.

45. As set forth above, Defendant purports through its advertising, labeling, and marketing, to create an express warranty that payment will be provided within a reasonable time.

46. Plaintiff and Class members sold cars to Defendant because of the representations made by Defendant. These representations were the basis of the bargain that Plaintiff and Class members paid significant consideration for.

47. Plaintiff and the members of the Classes performed all conditions precedent to Defendant's liability under this contract when they sold the products.

48. Defendant breached this warranty at the time of sale as Defendant knew that it was not providing timely and proper payments. Furthermore, Defendant breached the express warranty when Defendant failed to properly switch vehicle ownership at time of purchase.

49. Plaintiff and Class members would not have sold vehicles to Defendant had they known that they would not receive payment in a reasonable time.

50. As a result of Defendant's breach of warranty, Plaintiff and each Class member suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest and fees, including attorneys' fees, as allowed by law.

51. Defendant's conduct as alleged herein breached the express warranty which formed the basis of the bargain.

## COUNT II
### Breach of Implied Warranty of Merchantability

52. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

53. Plaintiff brings this count on behalf of himself and the Class.

54. Defendant is a merchant and was at all relevant times involved in the distributing, warranting, and/or buying of vehicles.

55. The vehicles are "goods" under the relevant laws, and Defendant knew or had reason to know of the specific use for which the Products, as goods, were sold and purchased.

56. Defendant entered into agreements with consumers to purchase vehicles from Plaintiff and Class Members.

57. The implied warranty of merchantability included with the purchase of each vehicle means that Defendant guaranteed that the vehicles would be fit for the ordinary purposes for which cars are used and sold, and were not otherwise injurious to consumers. The implied warranty of merchantability is part of the basis for the benefit of the bargain between Defendant, and Plaintiff and the Class Members.

58. Defendant breached the implied warranty of merchantability because the vehicles are not fit for their ordinary purpose of providing reasonably reliable and safe transportation because Defendant did not provide the proper payment and, in some cases, transfer of ownership, within the required time frame for new buyers to legally drive the car they purchased. As Plaintiff and Class Members are in some cases still the legal owners of said vehicles, new buyers are unable to legally drive the vehicles and as such are not fit for their particular purpose of legal transportation and usage.

59. Defendant's warranty expressly applies to the seller of the vehicles, creating privity between Defendant and Plaintiff and Class Members.

60. Privity is not required because Plaintiff and Class Members are the intended beneficiaries of Defendant's warranties and sales. Defendant's warranties were designed for and intended to benefit the consumer only, including Plaintiff and Class Members.

61. Defendant had been provided sufficient notice of its breaches of implied warranties associated with the vehicles. Defendant was put on actual notice of its breach through the contract between Plaintiff and Class members and Defendant, and its review of consumer complaints.

62. Had Plaintiff, Class Members, and the consuming public known that the vehicles would not be provided with proper ownership and payment within a reasonable time, they would not have sold the vehicles.

63. As a direct and proximate result of the foregoing, Plaintiff and the Nationwide Title Class and Georgia Subclass suffered and continue to suffer financial damage and injury, and are entitled to all damages, in addition to costs, interest, and fees, including attorneys' fees, as allowed by law.

## COUNT III
**Negligent Misrepresentation**

64. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

65. Plaintiff brings this count on behalf of himself and the Class.

66. Defendant specifically made false representations to the Plaintiff and members of the proposed Class through their website, social media accounts, and other advertisements.

67. Upon information and belief, Defendant made additional misrepresentations regarding the registration for Plaintiff and members of Class's registration/title.

68. Thus, Defendant deceptively marketed its services to Plaintiff and members of the Class as a vehicle that would be accompanied by proper title within the required time frame.

11

69. Defendant has a pecuniary interest in making these advertisements as it was made in the course of Defendant's course of business.

70. Defendant breached this duty by falsely advertising and marketing that its vehicles would be accompanied by proper ownership documentation within the required time frame.

71. Plaintiff and members of the Class reasonably and justifiably relied on Defendant's advertisements and promotions as Defendant was in a superior position to know the truth of the advertisements and promotions made.

72. Plaintiff and members of the Class were reasonable to rely on the Defendant's advertisements and promotions as true because Plaintiff and member of the Class did not know the truth of the statements nor could ascertain the truth.

73. Defendant's conduct is the direct and proximate cause of the pecuniary loss suffered by Plaintiff and Class members.

74. Plaintiff and the Nationwide Title Class and Georgia Subclass seek actual damages, injunctive and declaratory relief, attorney's fees, costs, and any other just and proper relief available.

## COUNT IV
### Fraudulent Concealment

75. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

76. Plaintiff brings this count on behalf of himself and the Class.

77. Defendant had a duty to disclose material facts to Plaintiff and the Classes given their relationship as contracting parties. Defendant also had a duty to disclose material facts to Plaintiff and the Classes, namely that they would not be provided proper transfer of ownership

documentation within the promised time frame or at all, because Defendant had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

78. Defendant possessed knowledge of these material facts. Since at least the beginning of 2020, numerous consumers of Defendant's Products complained and/or requested that they be provided transfer of ownership documentation.

79. During this time, Plaintiff, and members of the Classes, were still the legal owners of vehicles that had been sold to new buyers who were now using said vehicles.

80. Defendant failed to discharge its duty to disclose these material facts.

81. In so failing to disclose these material facts to Plaintiff and the Class, Defendant intended to hide from Plaintiff and the Classes that they were selling their vehicles without being provided the necessary transfer of ownership documentation in order for the new owners to legally use the vehicles, and thus acted with scienter and/or an intent to defraud.

82. Plaintiff and the Classes reasonably relied on Defendant's failure to disclose insofar as they would not have sold the vehicles to Defendant had they known they would not be provided with the necessary transfer of ownership documentation.

83. As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiff, and the Classes, suffered damages in the amount of monies not received for the vehicles, and the harm of still legally owning a vehicle no longer in their possession.

84. As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT V
**Breach of Contract**

85. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

86. Plaintiff brings this count on behalf of himself and the Classes.

87. As described herein, Plaintiffs and the Classes formed contracts with Defendant.

88. Every contract imposes the duty of good faith and fair dealing upon the parties in performance and enforcement of the contract.

89. An express and/or implied term of the contracts between the Plaintiffs and the Classes is that Defendant agreed that the sale was being conducted in compliance with all laws and regulations governing such sales.

90. By failing to transfer ownership of the vehicles properly in exchange for the monies supposedly being paid to the Plaintiff and the Classes, Defendant failed to conduct the purchase of the vehicles to the Plaintiff and the Classes in compliance with all laws and regulations governing such.

91. By its aforesaid conduct, Defendant breached the terms of the contracts it had with the Plaintiff and the Classes, including any implied or express warranties therein, and acted in bad faith.

92. Defendant has wrongfully, recklessly, and or/intentionally breached the duty of good faith by denying Plaintiff and the Classes the benefits to which they bargained and paid for in their sales contracts.

93. Defendant's breaches of the covenant of good faith and fair dealing have proximately and directly caused damages to Plaintiffs and the Classes.

## COUNT VI
### Negligence

94. Plaintiff incorporates by reference all preceding allegations as though fully set forth herein.

95. Plaintiff brings this count on behalf of himself and the Class.

96. Defendant, directly or indirectly, caused Peddle vehicles to be purchased, sold, distributed, marketed, promoted, and/or used by Plaintiff and the Proposed Classes.

97. At all times relevant to this litigation, Defendant had a duty to exercise reasonable care in the design, research, marketing, advertisement, supply, promotion, packaging, sale, and distribution of Peddle products, including the duty to take all reasonable steps necessary to provide transfer of ownership documentation.

98. Defendant represented to consumers, including Plaintiff and Class Members, that it would provide transfer of ownership documentation within the required time frame after the purchase of a car.

99. At all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known that it was required to provide Plaintiff and members of the Proposed Classes with proper transfer of ownership documentation within required time.

100. Accordingly, at all times relevant to this litigation, Defendant knew or, in the exercise of reasonable care, should have known that not providing proper transfer of ownership documentation within the required time frame could cause or be associated with Plaintiff's and members of the Class' injuries.

101. As such, Defendant breached its duty of reasonable care and failed to exercise ordinary care when failing to provide proper transfer of ownership documentation and payment for its purchases, in that Defendant knew or had reason to know that Plaintiff and members of the Proposed Classes would need proper transfer of ownership documentation so the new owners could legally drive the car bought from Defendant and failed to provide such.

102. Despite the ability and means to provide proper transfer of ownership documentation to Plaintiff and members of the Proposed Classes, Defendant has failed to do so.

Indeed, Defendant wrongfully withheld proper transfer of ownership documentation from Plaintiff and members of the Class.

103.   Defendant's negligence included:

   a. Selling and/or distributing vehicles without proper transfer of ownership documentation as it was required to do so pursuant to Plaintiff's and members of the Class's payment for such service;

   b. Selling and/or distributing vehicles while negligently and/or intentionally concealing proper transfer of ownership documentation;

   c. Failure to provide proper transfer of ownership documentation to Plaintiff and member of the Proposed Classes when required;

   d. Systematically failing to provide consumers with proper transfer of ownership documentation in multiple states.

104.   As a direct and proximate result of Defendant's negligence, Plaintiff and the Class have suffered and will continue to suffer actual monetary damages.

105.   Plaintiff's and Class members' injuries were foreseeable as Defendant had received complaints from Plaintiff and Class members regarding to failure to provide timely and proper transfer of ownership documentation with purchase of Defendant's Product.

106.   Plaintiff and the Nationwide Title Class and Georgia Subclass members seek actual damages, injunctive and declaratory relief, attorney's fees, costs, and any other just and proper relief available.

## COUNT VII
### Unjust Enrichment

107.   Plaintiff incorporates the allegations set forth in the preceding paragraphs as though set forth fully herein.

108. Plaintiff brings this count on behalf of himself and the Class.

109. Plaintiff, and the other members of the Classes, conferred benefits on Defendant in the form of vehicles "sold" to Defendant in exchange for payment of money.

110. Defendant voluntarily accepted and retained this benefit.

111. Because this benefit was obtained unlawfully, namely by selling and accepting compensation for the vehicles without providing the proper transfer of ownership documentation and payment in order to resell the vehicle, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

112. Defendant received benefits in the form of revenues from sales of the vehicles to the detriment of Plaintiff, and the other members of the Classes, because Plaintiff, and members of the Classes, sold their vehicles and Defendant failed to produce the agreed upon payment and proper transfer of ownership documentation. The Defendant's failure to produce the agreed upon payment and proper transfer of ownership documentation rendered the vehicles useless as Plaintiff and other members of the Classes had not legally transferred ownership of the vehicles.

113. Defendant has been unjustly enriched in retaining the revenues derived from the sales of the vehicles from Plaintiff and the other members of the Classes. Retention of those monies under these circumstances is unjust and inequitable because Defendant's claim that proper transfer of ownership documentation would be provided was misleading to consumers, which caused injuries to Plaintiff, and members of the Classes, because they would have not sold the vehicles had they known the true facts.

114. Because Defendant's retention of the non-gratuitous benefits conferred on them by Plaintiff and members of the Classes is unjust and inequitable, Defendant must pay restitution to Plaintiff and members of the Classes for its unjust enrichment, as ordered by the Court.

## COUNT VIII
**Punitive Damages**

115. Plaintiff brings this count of behalf of himself and the Classes.

116. Defendant knew or should have known that its cars were being falsely and deceptively misrepresented to consumers as having proper transfer of ownership documentation provided upon purchase or within a reasonable time after purchase.

117. Defendant attempted to and did misrepresent facts concerning the uses of the cars.

118. Defendant risked the safety of recipients of their products, including Plaintiff and Class members, when Defendant knew of the problems with its delivery of proper transfer of ownership documentation and suppressed this knowledge from consumers, including Plaintiff and Class members.

119. Defendant made conscious decisions not to warn or inform the unsuspecting recipients of its vehicles despite knowing that these vehicles lacked proper transfer of ownership documentation.

120. Notwithstanding the foregoing, Defendant knowingly marketed the subject cars without disclosing the aforesaid lack of proper transfer of ownership documentation.

121. Defendant knew or should have known that this conduct would result in injury or damages but continued to mislead the general public and its consumers, including Plaintiff and Class members, by making false representations about providing proper transfer of ownership documentation and payment along with its vehicles.

122. Defendant's intentional, reckless, fraudulent, and malicious failure to disclose information regarding the health and safety risks of the subject devices deprived Plaintiff and Class members the necessary information to enable them to weigh the true risks of selling the cars against their benefits.

123. Defendant acted with wanton and reckless conscious indifference and utter disregard of the consequences of their actions upon the safety and rights of others, including Plaintiff and Class members.

124. As a direct and proximate result of Defendant's conscious and deliberate disregard for the rights and safety of consumers such as Plaintiff and Class members, Plaintiff and Class members have suffered sever and permanent economic injuries as set forth above. Defendant's outrageous conduct warrants an award of punitive damages.

125. The aforesaid conduct of Defendant was committed with knowing, conscious, and deliberate disregard for the rights and safety of patient, including Plaintiff and Class members, thereby entitling Plaintiff and Class members to punitive damages in an amount appropriate to punish Defendant and deter them from similar conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and members of the Classes, requests that the Court enter judgment in their favor and against Defendant, awarding as follows:

   A. Certifying the Classes as proposed herein, designating Plaintiff as Class representative, and appointing undersigned counsel as Class Counsel;

   B. Declaring that Defendant is financially responsible for notifying the Proposed Classes members of the pendency of this action;

   C. Award all actual, general, special, incidental, statutory, punitive, and consequential damages to which Plaintiff and Class members are entitled;

   D. Declaring that Defendant has wrongfully kept monies paid for proper transfer of ownership documentation;

   E. Scheduling a trial by jury in this action;

F. Awarding pre and post judgment interest on any amounts awarded, as permitted by law;

G. Costs including reasonable attorneys' fees, court costs, and other litigation expenses; and,

H. Any other relief the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands trial by jury in this action of all issues so triable.

Dated: August 16, 2023

Respectful Submitted,
*/s/ Brent Kaufman*
Brent Kaufman, Esq.
(GA Bar No. 441430)
Blake G. Abbott (Pro Hac Vice Forthcoming)
Paul J. Doolittle (Pro Hac Vice Forthcoming)
**POULIN | WILLEY | ANASTOPOULO, LLC**
32 Ann Street
Charleston, SC 29403
Tel: (803) 222-2222
Email: brent.kaufman@poulinwilley.com
paul.doolittle@poulinwilley.com
blake.abbott@poulinwilley.com